# EXHIBIT 38

After Mr. Gomez was fired from Valley Hospitality, he met the necessary job search requirement and satisfied the Georgia Department of Labor , and their guidelines.

Mr. Gomez object to the relevance of every job/interview, if the Georgia Department of Labor was satisfied at the time of Mr. Gomez's unemployment period then theirs no reason to continue with who, what, or where.



DEFENDANT'S
EXHIBIT
#38

GOM-00131

# EXHIBIT 39

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALPHONSO GOMEZ,                      )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )      CASE NO.
                                     )      4:11-cv-00183-CDL
VALLEY HOSPITALITY SERVICES, LLC,    )
                                     )
        Defendant.                   )
                                     )
_____    )

### DEFENDANT VALLEY HOSPITALITY SERVICES, LLC'S
### FIRST CONTINUING INTERROGATORIES TO PLAINTIFF

Defendant Valley Hospitality Services, LLC ("Valley
Hospitality"), named as Defendant in the above-styled action,
and pursuant to Fed. R. Civ. P. 33, requests that Plaintiff
answer the following interrogatories and serve the answers upon
counsel for Valley Hospitality within 30 days after the service
of the interrogatories. Each discovery request must be answered
separately and fully in writing under oath, unless it is
objected to, in which event the objecting party must state the
reasons for objection and answer to the extent the discovery
request is not objectionable. The answers must be signed by the
person making them.

These interrogatories are continuing to the extent Fed. R.
Civ. P. 26(e) requires. Your responses to both these
interrogatories and the required disclosures under Fed. R. Civ.
P. 26(a) must be supplemented in accordance with those rules.



DEFENDANT'S
EXHIBIT
#8839

Fed. R. Civ. P. 33(a) requires you to "furnish such information as is available to the party." If you produce business records under Fed. R. Civ. P. 33(d) in lieu of answering any discovery request, you must specify the business records from which the answer to the discovery request can be derived or ascertained and afford Valley Hospitality reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.

## DEFINITIONS

(1) "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2) "You" means the plaintiff Alphonso Gomez, and any of your agents, or representatives.

(3) "Valley Hospitality" means the named Defendant Valley Hospitality Services, LLC, any of its employees, agents, representatives, or any affiliated business entity.

(4) As used in these Interrogatories, the term "document" shall include any written or graphic matter or other means of preserving thought of expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies and drafts, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, any

printed, written, recorded, taped, electronic, graphic or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, electronic mail, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials of any type of personal or telephone conversations, meetings or conferences, reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or uncancelled checks or drafts, vouchers, charge slips, invoices, purchase orders, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents. The term "document" also means any and all computer records, data and information of whatever kind, whether printed

out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive, or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files.

(5) "Communications" means any and all written or oral communications between two or more persons, including but not limited to telephone communications, personal conferences, meetings, emails, letters, text messages, or otherwise.

(6) "Knowledge" means information derived from any source, including hearsay knowledge.

(8) "Relates to" or "relating to" means constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent.

(9) "Occurrence" means the incident(s), accident(s) or event(s) that gives rise to this lawsuit.

(7) "Identify" means:

(a) with respect to "persons" who are individuals, to provide the name, present or last known residence address, present or last known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last known business telephone number of each individual mentioned;

(b) with respect to institutions, businesses, groups and other organizations, to provide the current or last-known complete name, address and telephone number; and

(c) with respect to "documents," to provide -- irrespective of whether the document is subject to any claim of privilege -- the title or other means of identification of each such document, the date of each document, the name and address of the author, the name and address of each recipient of each document, and the name and address of each person who has custody, control or possession of each such document or copies of it.

(d) with respect to "communications," to provide the date of each communication, the participants in the communication, and a summary of the communication.

(e) with respect to "incident," to provide the date of each incident, the participants in the incident, and a summary of the incident.

## INTERROGATORIES

### 1.

State your full name, age, date of birth, marital status, Social Security number, and present residence and/or mailing address.

2.

Identify any person who witnessed or has any relevant knowledge of any of the conduct which you allege occurred in your Complaint, and for each such person, provide a brief description of the facts known to each such person and the dates on which such conduct occurred.

3.

Identify and describe any facts and circumstances that you contend support your allegation that Valley Hospitality discriminated against you because of your race.

4.

Identify and describe any facts and circumstances that you contend support your allegation that Valley Hospitality did not promote you because of your race.

5.

Identify and describe any facts and circumstances that you contend support your allegation that the termination of your employment with Valley Hospitality was based on your race.

6.

Identify and describe any and all written or verbal communications between you and any other person or entity, other than your attorney, regarding changes to your position at Valley Hospitality including:

(a)  the date(s) such communications were made;

(b)  who made such communications; and

(c)  the substance of such communications.

7.

Identify with reasonable specificity any and all facts that you contend support your claim for retaliation.

8.

Identify any and all facts that you contend support your claim that you participated in activity protected by federal law, including the date(s) on which you allege you participated in protected activity and a description of the alleged protected activity.

9.

Identify and describe any and all written or verbal communications between you and any other person or entity, other than your attorney, regarding the subject matter of the Complaint, including:

(a)  the date(s) such communications were made;

(b)  who made such communications; and

(c)  the substance of such communications.

10.

State the name, address, and telephone number of each employer you have worked for since you stopped working for Valley Hospitality.  For each place of employ please provide the date on which you submitted an application for employment, the

inclusive dates of your employment, a description of your duties and responsibilities, the compensation you received, the name of your supervisor, and, if you are no longer employed there, the reason for your departure.

11.

For all the monetary damages you claim to have suffered as a result of the incidents giving rise to this lawsuit, including any loss of pay, any alleged undertaking of additional debt, or loss of property, describe in detail the nature and amount of the damages, when the damages were suffered, how the damages were calculated, and the facts supporting your claim that the damages resulted from some action or inaction on the part of Valley Hospitality.

12.

Identify and describe any efforts you have made to find employment since your termination from Valley Hospitality, including but not limited to:

(a) The identity of any employer with whom you have applied for work;

(b) The date(s) on which you submitted an application for work;

(c) Whether you have gone on any interviews for work; and

(d) Whether you have obtained any employment since your termination from Valley Hospitality.

13.

For any and all physical, mental or emotional injury you claim to have suffered as a result of the incidents giving rise to this lawsuit, describe in detail the nature and amount of the damages relating to such physical, mental or emotional injury and the facts supporting your claim that the alleged physical, mental or emotional injury resulted from some action or inaction on the part of Valley Hospitality.

14.

Identify any doctors, physicians, psychiatric professionals or counselors whom you have visited for the mental and emotional distress you allegedly suffered as a result of Valley Hospitality's conduct.

15.

If you allege that you are entitled to receive punitive damages against Valley Hospitality, identify and describe any facts or circumstances that you contend support such a claim for punitive damages.

16.

Identify each person you expect to call as an expert witness at the trial of this case and state the following:

(a) The subject matter to which the expert is expected to testify;

(b)  The subject of the facts and opinions to which the expert is expected to testify;

(c)  Provide a summary of the grounds for each opinion; and

(d)  Identify all documents utilized by the expert in reaching such opinions.

### 17.

State the name, address, and telephone number of each employer or business you have worked for during the past ten (10) years, the inclusive dates of your employment at each place of employ, your supervisor's name at each place of employ, and the reason for your departure from each respective place of employ.

### 18.

List your educational background: for each school and institution, please give its name, address, and nature (e.g., grade school, high school, vocational school, college), and the nature of the diploma, degree or certificate, if any, you received.

### 19.

If you have ever been charged, arrested, or convicted of any crime (other than a minor traffic offense), please identify each crime, the date of such charge or arrest, the charging or arresting authority, the court in which any criminal proceeding

was held, and the disposition and date of disposition of each charge.

20.

If you have ever been a party to any legal proceeding, claim or charge (including but not limited to unemployment hearing, EEOC charge, etc.), other than this lawsuit, please identify the role you had in the litigation, the nature of the claim or claims at issue, the date on which such action was filed, the court and civil action number or other identifying number of such legal proceeding, and the final disposition of such claim.

21.

Please identify all email accounts, text message accounts, and social media accounts used by you between January 1, 2008 and the present.

This 4th day of January, 2013.

Respectfully submitted,

*Meredith Guerrero*

Joseph C. Chancey
GA Bar #120520
jchancey@deflaw.com
Meredith Riggs Guerrero
GA Bar #214274
mguerrero@deflaw.com
*Counsel for Defendant Valley Hospitality Services, LLC*

DREW ECKL & FARNHAM, LLP
P.O. Box 7600
Atlanta, GA 30357
Telephone: (404) 885-1400
Facsimile: (404) 876-0992

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **Defendant Valley Hospitality Services, LLC's First Continuing Interrogatories to Plaintiff** upon all parties to this matter by depositing a true and correct copy of same in the First Class United States Mail and also by Certified United States Mail/Return Receipt Requested (Certified Mail No. 7011 1570 0001 3264 3768), addressed to the *pro se* plaintiff as follows:

> Alphonso Gomez
> 7 Melody Court
> Columbus, GA 31907

This 4th day of January, 2013.

*Meredith Guerrero*

Meredith Riggs Guerrero
*admitted pro hac vice*
Georgia Bar No. 214274
mguerrero@deflaw.com
*Counsel for Valley Hospitality Services, LLC*

3442835/1
00935-075967

# EXHIBIT 40

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ALPHONSO GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | 4:11-cv-00183-CDL |
| VALLEY HOSPITALITY SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT VALLEY HOSPITALITY SERVICES, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Valley Hospitality Services, LLC ("Valley Hospitality"), named as Defendant in the above-styled action, hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that you produce and permit counsel for Valley Hospitality to inspect and copy each of the documents and tangible things hereinafter described which are in your possession, custody or control. You are requested to produce the documents at the offices of Drew Eckl and Farnham, L.L.P., 880 West Peachtree Street, P.O. Box 7600, Atlanta, Georgia 30357-0600, on the 30th day after service of this Request, or at such other reasonable time and place as may be mutually agreed upon by counsel for both parties.



DEFENDANT'S EXHIBIT #46

## DEFINITIONS

When used in this Defendant's First Request for Production of Documents to Plaintiff, the following terms shall have the following meanings:

A.   "Document(s)" shall include tangible things and all stored or recorded data or information in any form or format, including, but not limited to written, drawn, typewritten, or printed documents, audiotapes, videotapes, digital, electronic or magnetic recordings of data, or graphic or photographic (including negatives) materials in whatever form, including copies, drafts and reproductions thereof of which you have possession, custody or control.   Any request for a document shall include every copy of such document which contains any commentary or notation not appearing on the original.   In the event that any document is stored in electronic form upon any electronic device, including but not limited to computers, cell phones, camera, storage media (e.g., hard disks, floppy disks, back up tapes, flashdrives), and PDAs (personal data assistants) within your possession, custody or control, said document must be produced in its native electronic form along with metadata.

B.   "Person(s)"   shall   include   natural   persons, proprietorships, corporations, partnerships, limited liability companies, groups, associations and other legal entities.

C. "Plaintiff(s)" shall include any named Plaintiff, and, as applicable, his or her employees, agents, representatives, investors, attorneys or any other person who may have information for or on behalf of Plaintiff which is conceivably relevant to this litigation.

D. "You" and "your" shall include the named Plaintiff, Alphonso Gomez, and all persons acting or purporting to act on behalf of the named Plaintiff with respect to any matter pertaining to the subject matter of this lawsuit.

E. "Valley Hospitality" means the named Defendant Valley Hospitality Services, LLC, any of its employees, agents, representatives, or any affiliated business entity.

F. Singular masculine forms of any noun or pronoun shall embrace and be read to include the plural or feminine or neuter, as the context may make appropriate.

G. "Communications" means any and all written or oral communications between two or more persons, including but not limited to telephone communications, personal conferences, meetings, emails, letters, text messages, or otherwise.

H. "Relates to" or "relating to" means constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent.

I. "Occurrence" means the incident(s), accident(s) or event(s) that gives rise to this lawsuit.

## REQUESTS

Please produce the following:

### 1.

Copies, including drafts, of all documents which support or relate to your claims in this litigation.

### 2.

Any and all documents reflecting communications you have had with any person or entity, including, but not limited to the Equal Employment Opportunity Commission (the "EEOC"), regarding the subject matter of the Complaint.

### 3.

Any and all documents given by you to the EEOC in connection with any charge of discrimination filed by you against Valley Hospitality.

### 4.

Any and all documents regarding changes to your job duties and/or assignment that occurred during your employment with Valley Hospitality.

### 5.

Any and all documents that you contend support your allegation that Valley Hospitality discriminated against you because of your race.

6.

Any and all documents that you contend support your allegation that Valley Hospitality retaliated against you for participating in activity protected by federal law.

7.

Any and all other documents that you contend evidence, support, or relate to any damages of any nature allegedly suffered by you as a result of any act by Valley Hospitality.

8.

Any and all documents that relate to any alleged condition related to physical, mental or emotional injury experienced by you, including but not limited to documents that reflect the nature of the physical, mental or emotional injury, the date of any diagnosis, the name, address and telephone number of any doctor from whom you have received a diagnosis or treatment, communications from any third party from whom you have received a diagnosis or treatment, medical records, medications you have taken, treatments you have received, and any and all billing statements or invoices for any treatments you have received or medications you have taken.

9.

Copies of all documents reflecting income you have received from 2007 to the present, including but not limited to copies of all tax returns, W-2's, W-9's, 1099's, and any and all other

records reflecting income you have received from any employer or for unemployment benefits since you stopped working for Valley Hospitality.

10.

Any and all documents reflecting efforts made by you to find employment since your termination from Valley Hospitality, including but not limited to applications for employment submitted by you, interviews for employment in which you participated, and communications between you and any potential employer.

This 4th day of January, 2013.

Respectfully submitted,

*Meredith Guerrero*

Joseph C. Chancey
Georgia Bar No. 120520
jchancey@deflaw.com
Meredith Riggs Guerrero
Georgia Bar No. 214274
mguerrero@deflaw.com
***Counsel for Defendant Valley
Hospitality Services, LLC***

DREW ECKL & FARNHAM, LLP
880 West Peachtree Street
P.O. Box 7600
Atlanta, GA 30357
Telephone: (404) 885-1400
Facsimile: (404) 876-0992

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **Defendant Valley Hospitality Services, LLC's First Request for Production of Documents to Plaintiff** upon all parties to this matter by depositing a true and correct copy of same in the First Class United States Mail and also by Certified United States Mail/Return Receipt Requested (Certified Mail No. 7011 1570 0001 3264 3768), addressed to the *pro se* plaintiff as follows:

> Alphonso Gomez
> 7 Melody Court
> Columbus, GA 31907

This 4th day of January, 2013.

*Meredith Guerrero*
Meredith Riggs Guerrero
*admitted pro hac vice*
Georgia Bar No. 214274
mguerrero@deflaw.com
*Counsel for Valley Hospitality Services, LLC*

# EXHIBIT 41

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALPHONSO GOMEZ,

       Plaintiff,

vs.

                                       CASE NO.
                                       4:11-cv-00183-CDL

VALLEY HOSPITALITY SERVICES, LLC,

       Defendant.

---

### PLAINTIFF ALPHONSO GOMEZ, PRO, SE
### RESPONSE TO FIRST CONTINUING INTERROGATORIES TO DEFENDANT

Plaintiff Alphonso Gomez, Pro, Se, named as plaintiff in the above-styled action, and pursuant to Fed. R. civ. P. 33, hereby submits answer to the requested interrogatories and serve the answers upon counsel for Valley Hospitality.



DEFENDANT'S
EXHIBIT
#41

My full name is Alphonso Gomez, my social security number is: 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, I was born on May 21, 1962, I am married and reside at 7 Melody Court, in Columbus, GA.

— Durham Thacker was hired in late November or early December 2008 as general manager for Houlihan's Restaurant and sent to Houlihan's Training Store located in Atlanta, GA. Mr. Thacker requested of Donny Troutman that I be transferred to his site so that he could train me. Mr. Troutman denied his request and I was transferred to Loco's Restaurant.

— Jo Ann Shamsky who is the director of training for Valley Hospitality has the data and training requirements for all employees.

— Talon Jenkins was promoted to supervisor and was trained by me sometime approximately during the months of November and December 2009. Erin Hamilton and April were also promoted to supervisor; I trained them as well.

— June 2008; Robert Stewart and I were both hired at Houlihan's Restaurant days apart, Mr. Stewart being hired first. He had no previous management experience. However, shortly thereafter Valley Hospitality acquired a new property to which Mr. Stewart was assigned to manage.

— I was denied the opportunity to receive paid training, instead I was told by Donny Troutman to go online and get my training via the internet; on the wire. **see handwritten notes**

— Approximately in November 2008, Durham Thacker and Jim McKenna were hired by Valley Hospitality as general managers.

— According to Valley Hospitality's website; they prefer to hire from within. **see downloaded copy of Valley Hospitality's Training**

— My resume clearly states that my career objective is to acquire a management position with an organization which provides future growth and

advancement opportunities based on performance; it also lists my qualifications **see resume and initial application for employment with Valley Hospitality**

5.

— Several white males were hired from the outside as general managers, at least two were afforded the opportunity to attend Houlihan's Training Store located in Atlanta; also, a white female with less experience and seniority was hired from the outside and promoted to general manager. Most of them did not retain their employment with Valley Hospitality beyond six months. One of the above mentioned males was Ms. Dozeman's boyfriend; Tim White.

6.

— July 2008; Donny Troutman transferred me to Loco's Restaurant because as he stated; I was older and he felt that I would do a better job and not get involved in unprofessional behavior with the female staff as was the case with Robert Stewart and Cory Culbert.

— May 2009; Robert Stewart was terminated at which time, I was appointed acting general manager for approximately three weeks.

— Early July 2009; Lindsey Dozeman was hired from the outside as assistant general manager, shortly thereafter, the exchange of e-mails between Brian Plemmons and Anthony Brown began. I was shown an e-mail by Anthony Brown that was sent by Brian Plemmons to Donny Troutman which stated; "let's see who wants the GM position more, Lindsey may blow Al right out of the water. Because of that e-mail, I became very uncomfortable in the work place and with the training of Ms. Dozeman. She began to override my decisions regarding staff duties and the daily functions of the restaurant. A few days later, I asked Ms. Dozeman; "how does it feel to be GM"? She replied; "they told you". I then responded; "they who"? She replied; "Anthony and Donny". She then went on to say that they were both undecided about who would tell me that she was the new GM of Loco's Restaurant. I only received confirmation of her promotion when her business cards arrived showing that she was general manager for Loco's Restaurant.

- Ms. Dozeman and her boyfriend; Tim White were both hired around the same time and within three weeks, they were both promoted to general manager.

- On or about August 5, 2009, Mr. Thacker was terminated from Houlihan's North and his position was filled by Aldo DeSantos who was hired from the outside. **see handwritten notes**

- November 14, 2009; David Hay, Human Resources Director and Donny Troutman came to Loco's Restaurant and informed me that Valley Hospitality and Loco's Restaurant would be going their separate ways at the close of business that day because Loco's Restaurant no longer wanted Valley Hospitality to manage its property. Mr. Troutman then handed me my separation papers and stated that my services were no longer needed. Mr. Hay never spoke.

- I then asked Mr. Troutman what was going to happen with the other employees' positions; if he had anything at any of the other properties and if not, could I return to my original site. Mr. Troutman responded; no. I do not know but, I am assuming that his response was to the latter portion of my questioned statement because he went on to say that; Will Bergen the owner of Loco's Restaurant said that he was going to keep all of the hourly employees that wanted too stay and that he was also going to keep the kitchen manager. Mr. Troutman then went on to say that Lindsey Dozeman was going to be the assistant general manager at Houlihan's Restaurant located in the DoubleTree Hotel. I responded by asking Mr. Troutman; "what about seniority, I have been here longer than Lindsey, doesn't seniority count for anything"? Mr. Troutman then responded; "no, it doesn't". I then turned to Mr. Hay and said; "WOW, really"? Mr. Hay again, did not speak; he slightly shake his head as to say yes. I then asked Mr. Hay; "do you really mean that seniority doesn't count"? Again, Mr. Hay did not speak, he slightly raised his eyebrows. At that point, I sighed, said thank you and walked away in disbelief.

- Upon my arrival home that evening, my wife informed me that I had received a letter from the EEOC. The letter stated that their office had notified Valley Hospitality of my charge against them for discrimination. At approximately 8:30PM, I received a phone call from Mr. Hay who at that time did offer me a position as assistant general manager at Houlihan's Restaurant located in the DoubleTree Hotel. I responded; "I thought that y'all didn't have any positions". Mr. Hay then responded; "we got one".

I then agreed to a meeting with him and Mr. Troutman scheduled for the upcoming Tuesday, November 18, 2011. **see EEOC letter**

— The meeting began with Mr. Troutman handing me the job description which also included the rate of pay. Following my review, I turned to Mr. Troutman and requested more money. Mr.. Troutman responded; "no, that's the offer".

— My request was based on my experience in the industry; my abilities to perform and implement said duties as is pertinent to the daily functions and the overall operation of a restaurant while serving in the capacities of manager, assistant general manager and general manager.

— The previous Friday, November 14, 2011; I was given my separation papers after which I immediately filed for unemployment benefits. As a result, I was obligated to accept the position because I could not refuse any offer for employment. The following day, I reported to work and during the course of the day, I learned that Ms. Dozeman had left the company a few days prior to my re-hire and being assigned to her former position at Houlihan's Restaurant located in the DoubleTree Hotel. I was assigned as assistant general manager; not general manager.

7.

— December 2009; after settling the registers, I had an overage of $165 dollars and was unable to determine why. The overage was discovered while settling the register for a banquet party which had cash sales. I turned all of the cash and receipts over to Craig the night auditor which is protocol at the close of business. I explained to Craig that I had an overage of $165 dollars and that I was unable to determine why. A few days later, Craig returned the $165 dollars too me. Aldo DeSantos was off duty so, I placed the money in an envelope with an attached note to Mr. DeSantos explaining its contents and the circumstances regarding it. I was off duty for a couple of days and upon my return, I asked Mr. DeSantos if he had determined where the $165 dollars belonged. Mr. DeSantos informed me that he had found out where the money belonged and that he had returned it to Craig the night auditor. I closed again that evening and while handing in my daily receipts to Craig and during casual conversation, I said to him; "so, you finally found out where the $165 dollars belonged, huh". Craig looked at me as if he was confused and said; "I have not figured out anything concerning that $165 dollars". At that point, I said:

"Mr. DeSantos said that he had figured it out and had returned the money to you". Craig responded; "Aldo never gave me any money back". A few days later, I reported the entire incident to Mr. Troutman.

- "Squirrel" (not her legal name) a banquet server later questioned me about the results of the overage. She was aware of the overage because she had sat with me that evening as I counted the receipts; it was her drawer. I at that point did inform her of the circumstances surrounding the overage. Following our conversation, I never heard anything more from Mr. Troutman or anyone else regarding the overage.

- Early January 2010; April and Summer both servers brought to my attention that another server by the name of Taylor had been sitting at a booth with guests and that she had been consuming alcohol with them while on the clock. I asked them if they were absolutely sure. They both responded "yes". I then went into the office and called Mr. Troutman and informed him that I had a situation at the restaurant and needed him to come over. Once he arrived, I relayed the information given to me by April and Summer. Mr. Troutman then called the IT guy over to retrieve the video. After reviewing the video, it was confirmed that Taylor did consume alcohol while sitting with guests in their booth and while on the clock. She was later terminated. Shortly thereafter, I learned through staff that Mr.. DeSantos was furious after finding out that Taylor had been terminated. It was common knowledge amongst the restaurant staff and throughout the hotel that on Mr. DeSantos' days off; Taylor, Lindsey (not Dozeman) and several other servers would hangout with him in his room.

- Mr. DeSantos was hired from the outside by Mr. Troutman as general manager and put-up in the DoubleTree Hotel because he did not want to sell his house and until he could find suitable housing in the area. Mr. Troutman and Mr. DeSantos were friends who had previously worked together at a hotel/restaurant in Tennessee.

- Several days later, approximately around 4:00PM; I was at a guest table speaking with them when I noticed Mr. DeSantos standing off to the side between the dinning room and the kitchen with his arms folded. I turned back to the guests and continued our conversation. Five to six minutes later, I noticed that Mr. DeSantos was still in the same location and that his position had not changed. At that point, I excused myself from the guests' table and went over to Mr. DeSantos and asked him if he needed me. Mr. DeSantos responded; "yes, I need you to get out there and help

those girls set-up, it's almost dinner time"! His voice slightly raised, Mr. DeSantos then went on too say that he had been standing there for fifteen minutes! I responded by saying; "if they needed that much help, why didn't you help them"? Mr. DeSantos then began to raise his voice higher at which time I told him that if he wanted to speak with me further, we could continue the conversation in the office. Apparently, Lindsey and another server had gone to Mr. DeSantos and told him that I was not helping them bust tables. Once we got into the office, Mr. DeSantos remained standing as I sat on the corner of the desk. Again, he began to raise his voice, which promoted me to stand up and also with raised voice; I informed Mr. DeSantos that he was not going too speak to me in that manner or tone of voice. Mr. DeSantos then told me that I was being insubordinate and that as a result, he would be suspending me for three days. I responded by telling him; "since you are going to suspend me for some bullshit, give me seven days"! He responded; "okay, seven days"!

— There were basically no customers in the restaurant during this time; as this is always a slow period of the day prior to the evening dinner crowd.

— I then handed Mr. DeSantos the tickets I had. However, once I had gotten home I found a ticket in by shirt pocket; its approximate value being between $30 - $40 dollars. I then called Mr. DeSantos and informed him of my discovery and that I would be returning in a few minutes to give him the ticket. When I arrived and handed Mr. DeSantos the ticket, he in turn handed me the write-up. After reading the write-up, I informed Mr. DeSantos that I was not going to sign it because I did not agree with it; and I requested a meeting with Mr. Hay the human resources director and Mr. Troutman. The write-up stated that my suspension would be for five days.

— The meeting was held shortly thereafter in a private dinning room with Donny Troutman, David Hay, Aldo DeSantos and myself. Once we were all seated, I placed a tape recorder on the table and asked; "does anyone have any objections to me recording this meeting"? Immediately, Mr. Troutman and Mr. Hay pulled out their cell phones as they were getting up from the table, both went into the hallway. When they returned, Mr. Troutman stated that Mr. Plemmons wanted to sit-in on the meeting therefore, the meeting would be rescheduled for February 15, 2010 at the corporate office there in Columbus.

— February 15, 2010; the scheduled meeting was held in the boardroom, those in attendance and as seated were: Brian Plemmons who sat at the head of the table; Donny Troutman who sat to the immediate left of Mr. Plemmons; Aldo DeSantos who sat to the right of Mr. Troutman; David Hay who sat to the right of Mr. DeSantos and myself sitting to the right of Mr. Plemmons. Once the meeting had started; I placed the tape recorder on the table and asked; "does anyone here have any objection to me recording this meeting"? Mr. Plemmons responded; "yes, I do, you are not pulling that recorder crap in here today"!! Therefore, I was unable to record the meeting. Mr. Plemmons then went on too say; "I don't know who you think you are; Aldo is a great manager and if he gives you a directive, you need to follow his instructions"!! I then tried to respond at which point; Mr. Plemmons leaned over the table, his arm extended with his finger pointed at me it almost touching my nose and said; "you shut your mouth BOY!; you are lucky to be working for this company"!!! He then leaned back and started telling me what would be expected of me if I continued to work for Valley Hospitality. He then said to me; "do you want to continue to work for this company; if so, you had better follow instructions"!! I only responded by shaking my head, yes. After which, Mr. Plemmons handed me the write-up and as he did he said; "here is your write-up, now you put your signature on it"!!! I signed the write-up, handed it back to him and asked; "so, can I speak now"? Mr. Plemmons said; "NO, now you get your Butt out of my boardroom"!!!

— When Mr. Plemmons leaned over the table with his arm extended and his finger pointed at me it almost touching my nose, I looked over at Mr. Hay thinking and hoping that he would intervene and provide me some type of representation but he didn't, he never uttered one word in my defense.

— My attempt to record both meetings was because I knew that I would not have any representation based on my previous experience with Mr. Hay. For example; during the time relative to the closing of Loco's Restaurant when I questioned both he and Mr. Troutman concerning the relevance of seniority; Mr. Hay at that time never uttered one word in my defense when I questioned why Lindsey Dozeman was being retained and I was being let go even though I had the most seniority.

8.

— Not being promoted, denial of advancement training, outside hiring of

several white males as general managers and the hiring of a white female with far less restaurant and managerial skills, experience and or qualifications who was promoted along with her boyfriend to the position of general manager, within three weeks of their hire.

**\*\*see Dozeman & Gomez resumes\*\***

9.

— Debra Scott, Esq.
Peachtree & Scott, Suite 404
Atlanta, GA 30345
(770) − 938 − 1061
Initial Consultation/Retainer; Re: EEOC Charges

EEOC Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
(404) − 562 − 6971
Charges of Discrimination/Mediation

Georgia Department of Labor
1500 Columbus − 700 Veterans Pkwy
P.O. Box 2487
Columbus, GA 31901
Filed for Benefits on November 16, 2009

Georgia Department of Labor − Appeals Tribunal
1630B Phoenix Blvd., Suite 201
College Park, GA 30349 − 2884
(770) − 909 − 2828
Administrative Hearing; Appeal to Denial for Benefits

10.

Piccadilly Restaurant
345 Manchester Expwy
Columbus, GA
(706) − 323 − 9593
Applied/Employed: March 2011 − October 2011
Supervisor: Robert Day

Annual salary: $42,000.00 plus Bonuses
Business closed October 2011
Duties/Responsibilities:

included by not limited to; catering manager, assistant manager & general manager, food quality, guest services, recipe compliance, training, hiring, terminations, cost control, inventory, profit & loss, close-outs and deposits.

11.

— vehicle repossession, threat of eviction by landlord; my entire family was stressed and depressed as a direct result of the suspension and my subsequent termination and the initial denial of my unemployment benefits which caused substantial hardships. We had to borrow monies from family members to retrieve the vehicle from repossession; without transportation it was very difficult to search for, obtain or too retain gainful employment. We also had to borrow monies to pay for vehicle insurance, monthly bills, buy food and to sustain the basic necessities needed for day to day living. I was no longer able to provide my family the lifestyle to which they had become accustomed.

— We were set back between $6,000 - $7,000 dollars during the periods of said suspension, my subsequent termination, and the denial of my unemployment benefits to which I had too appeal. Following my appeal and subsequent tribunal hearing, I was deemed eligible to receive the denied benefits as the decision for denial was overturned. **see sworn affidavits & Georgia Department of Labor Appeals Tribunal Decision**

12.

Piccadilly Restaurant
345 Manchester Expwy
Columbus, GA
(709) — 323 — 9593
Applied/Employed: March 2010 — October 2011

13.

— Stress, depression and anxiety. No medical attention was sought because I had no medical coverage and obtaining medical attention without coverage would have only added to my family's financial hardships.

– There were at least two individuals that were hired from the outside during the month of November 2009; Durham Thacker and Jim McKenna, both are white and both were afforded the opportunity to receive paid training at Houlihan's Training Store. I was not. **see manager's schedule with notations**

– The facts are that I was treated differently than white males and female hired by Valley Hospitality. I was denied advancement training, overlooked for promotions, endured violations of seniority, retaliation, violation of my civil rights and old employee file carried over and used against me even though I was a new hire. I feel as though I was singled out by Donny Troutman because of the charges I filed with the EEOC. Mr. Troutman assigned Anthony Brown (who is African American) to do his dirty work; he was only placed at Loco's Restaurant so that it could not be said that he (Mr. Troutman) was discriminating against me. Mr. Brown reported directly to Mr. Troutman. Mr. Brown was general manager at the Cannon Brew on Broadway in Columbus; he was never transferred and never stayed at Loco's Restaurant more than two hours each visit. **also see response #6; paragraphs 3 & 4**

N/A

Zaxby's
4942 Buena Vista Road
Columbus, GA 31907
Rand Jones & Ken Greene, Owners
(706) − 568 − 8520
Employed: June 2003 − May 2005
Terminated

Atlanta Bread Company
1921 Columbus Park Crossing
Columbus, GA 301904
(706) − 494 − 1224

Supervisor: Bruce Shirley
Employed: May 2007 – January 2008
Resigned


Piccadilly
3131 Manchester Expwy, Suite #23
Columbus, GA 31908
(706) – 323 – 9593
Supervisor: David Lyons
Employed: November 2007 – May 2008
Resigned


Valley Hospitality
800 Front Avenue
Columbus, GA 31901
(709) – 659 – 1898
Supervisor: Donny Troutman
Employed: May 2008 – March 2010
Terminated


Piccadilly
3131 Manchester Expwy, Suite #23
Columbus, GA 31908
(706) – 232 – 9593
Supervisor: Robert Day
Employed: April 2010 - October 2012
Business Closed


18.


North Main Elementary School
North Street
Pleasantville, NJ 08232


Washington Avenue Junior High School
Washington Avenue
Pleasantville, NJ 08232


Pleasantville High School
Franklin Boulevard
Pleasantville, NJ 08232
Received Diploma; highest achievement in business machines and Vice President

Class of 1981

Columbus State University
University Avenue
Columbus, GA 31908
Course of study; Political Science

19.

Arrested in Pleasantville, NJ for disorderly person in 1982; paid fine

20.

- Approximately around 1988; workman's compensation case for job related injury in Atlantic County, New Jersey, in which, a settlement was reached.

- November 17, 2009; EEOC Mediation to which I am the plaintiff for charges of racial discrimination against Valley Hospitality, LLC., Case No. 410 2010 – 00427C; I was given the right to sue.

- April 28, 2010; Georgia Department of Labor, Appeals Tribunal to which I was the defendant, unemployment benefits were granted. Docket NO. 18456 – 10

21.

Twitter & Face-book; tinagomezal@aol.com
(706) -393-7345 (text)

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2012, I sent by U.S. mail, Plaintiff's

Response To Continuing Interrogatories to Defendants' following attorneys of

record:

Meredith Riggs Guerreo
DREW ECKL & FARNHAM
880 W. Peachtree St.
P.O. Box 7600
Atlanta, GA 30357-0600

_____
Alphonso Gomez
7 Melody Court
Columbus, GA 31907

# EXHIBIT 42

APPENDIX D

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

RECEIVED
CLERK'S OFFICE
11 NOV 21 PM 3:
U.S. DISTRICT COURT
MIDDLE DIST OF GEORGIA
COLUMBUS, GEORGIA

Alphonse Gomez
_____
         Plaintiff                    :
                                      :
                                      :
                                      :
         v.                           :
Valley Hospitality Service LLC        :    Civil Action No: 4-11-cv-183 (CDL)
Pezold Management                     :
Donny Troutman, Brian Plemmons        :
         Defendant(s)                 :
David Hay                             :

## COMPLAINT

1.   Defendant is a citizen of the United States and resides at **800 Front Street**
**Columbus Ga. P.O. Box 4252 Columbus Ga. 31901**

2.   Defendant(s) names(s) **Donny Troutman, Brian Plemmons,**
**David Hay, Valley Hospitality Services LLC,**
**Pezold Management**

Location of principal office(s) of the named defendant(s) **600 Brookstone Centre**
**Columbus Ga. 31904**

Nature of defendant(s)' business **Restaurant, Hotel**

Approximate number of individuals employed by defendant(s) **450-500**

3.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5. Equitable and other relief are also sought under 42 U.S.C. § 2000e-5(g).

4.   The acts complained of in this suit concern:

     (A)   _____ Failure to employ me.
     (B)   ✓ Termination of my employment.

DEFENDANT'S
EXHIBIT
#12

(C) _____✓_____ Failure to promote me.
(D) _____ Other Acts as specified below:

_____

_____

_____

5. Plaintiff is:

(A) _____ presently employed by the defendant(s).
(B) _____✓_____ not presently employed by the defendant(s).

The dates of this employment were _May 2008 - Nov 2009 / Nov 2009 - March 2010_

Employment was terminated because:

(1) _____✓_____ plaintiff was discharged.
(2) _____ plaintiff was laid off.
(3) _____ plaintiff left the job voluntarily.

6. Defendant(s) conduct is discriminatory with respect to the following:

(A) _____✓_____ my race.
(B) _____ my religion.
(C) _____ my sex.
(D) _____ my national origin.
(E) _____✓_____ other as specified below:

_Retaliation_____

7. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant(s) company is (are) _Donny Troutman (White) Brian Plemmons (White) David Hay (White)_

8. The alleged discrimination occurred on or about ~~July~~ _Nov 2008_

9. The nature of my complaint, i.e., the manner in which the individual(s) named above discriminated against me in terms of the conditions of my employment, is/are as follows:

_Not promoting Me base on Race, Terminating Employment Retaliation_

10.   The alleged illegal activity took place at Houlihan's Restaurant, Locos Grill and Pub in Columbus Ga.

11.   I filed charges with the Equal Employment Opportunity Commission regarding defendant(s)' alleged discriminatory conduct on or about _____Nov 2008_____. I have attached a copy of the Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission. This letter was received by me on _____August 24, 2011_____

12.   I seek the following relief:

(A)   ✓   recovery of back pay.
(B)   ✓   reinstatement to my former job or position.
(C)   ✓   front pay (where reinstatement is not suitable).
(D)   ✓   damages (damages are recoverable only in age discrimination cases and only for "willful violations" of the Act.
(E)   ✓   injunctive relief.
(F)   ✓   expenses and attorney's fees.
(G)   ✓   other (describe below):

11/21/2011
Date

Signature of Plaintiff

Address of Plaintiff:

7 Melody Court
Columbus Ga. 31907

Phone Number: 706 393 7345

Attachment:   Right to Sue Notice

EEOC Form 161 (11/09)

U.S.   JAL EMPLOYMENT OPPORTUNITY COMM.   ON

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Alphonso Gomez<br>7 Melody Court<br>Columbus, GA 31907 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2011-00783 | April M. Sims,<br>Investigator | (404) 562-6847 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

AUG 1 8 2011

Enclosures(s)

Bernice Williams-Kimbrough,
District Director

(Date Mailed)

cc:   **VALLEY HOSPITALITY SERVICES, LLC**

Attn: Meredith Riggs Guerro, Attorney
Drew Eckl and Farnham, LLP
880 West Peachtree Street
Atlanta, GA 30309

# EXHIBIT 43

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| **ALPHONSO GOMEZ** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | |
| **vs.** | ) | **NO. 4:11-CV-00183-CDL** |
| | ) | |
| **VALLEY HOSPITALITY** | ) | |
| **SERVICES, LLC** | ) | **Jury Demand** |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION TO
## AMEND COMPLAINT
## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff, Alphonso Gomez, moves the Court to amend the original complaint to name Valley Hospitality Services LLC. As the defendant in the above case. A proposed order is attached. The grounds for the motion are:

1. Plaintiff was discriminated against starting November 2008 through June 2009. Where five members of the same race but a of a different race form me Were hired or promoted to a general manager position, the same position that I was told I would get once the new properties opened in late 2009 early 2010.

2. Plaintiff Retaliated against because of complaint filed with the EEOC in August 2009. On November 14, 2009 my employment with Valley Hospitality was terminated because Valley Hospitality lost management contract. But they



kept a member of a different race, with less time on the job than me. On November 17, 2009 Valley Hospitality received notification that a complaint was file against them. On the evening November 17, 2009 I was contacted by the Valley Hospitality's H.R. Director and offered a job.

3. In January 2010 I started having problems with my manager. Which came to write ups, suspension and termination. To which I have supporting documents that Valley Hospitality was just trying to build a good defense for the EEOC Mediation on March 9, 2009.

4. Plaintiff wrongful termination Plaintiff not following company Policy which was overturned by the Georgia Department Labor base on crucial Evidence that was presented by Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order to amend the original complaint.

Respectfully submitted this 10th day of August, 2012.

Alphonso Gomez
7 Melody Court
Columbus, GA 31907
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2012, I sent by U.S. mail, Plaintiff's

Motion to Amend Complaint to Defendants' Motion to Amend Complaint on the

following attorneys of record:

Meredith Riggs Guerreo
DREW ECKL & FARNHAM
880 W. Peachtree St.
P.O. Box 7600
Atlanta, GA 30357-0600

Alphonso Gomez
7 Melody Court
Columbus, GA 31907

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **ALPHONSO GOMEZ** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | |
| **vs.** | ) | **NO. 4:11-CV-00183-CDL** |
| | ) | |
| **VALLEY HOSPITALITY** | ) | |
| **SERVICES, LLC.** | ) | **Jury Demand** |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Plaintiff Alphonso Gomez has filed an motion for Amend original complaint

For good cause shown, Plaintiff's motion is granted.

IT IS SO ORDERED this _____ day of August 10, 2012.


_____
United States Magistrate Judge

# EXHIBIT 44

Charge # 846-2009-58169C

Mr. Alphonso Gomez
7 Melody Court
Columbus Ga. 31907
706 393 7345
Complaint # 846-2009-58169C


RECEIVED
JUL 07 2010
EEOC-ATDO

March 3, 2010

I Would like to add another Charge to my Complaint. I would like add the Charge of Relaitian + Wrongfull termn If you have any Questions Please feel free to contact me at the above Number.

Thank You
Alphonso Gomez


DEFENDANT'S
EXHIBIT
#41

GOM-00021

Charge # 846-20. -58169C

On February 9TH 2010 I requested to have a meeting with the H R Director hoping to reverse the 5 Days suspension impose by my General Manager Alda DeSanto. I was Hoping with Daniel Hay's experience as an H R Director and his belief in the Lord, he would be fair and impartial. On the day of the meeting Donny Troutman invited himself. This is the general practice of the his when someone wants to speak with Human Resources Director.

At the beganing of the meeting I ask would anyone would mind if I recording this Meeting. Mr Hay Mr. Troutman and Mr. DeSanto All left the room and made some Calls to someone. They later returned to the room and said we would be rescheduling this Meeting at the Corporate office of Brian Plum President of Valley Hospitality. I received a text from Daniel Hay on 2-14-2010 about 2em to left me Know of the Meeting schedule for 2-15-2010

07-07-2010 15:46    PICCADILLY 7062333340    GOM-00022

charge ...

When the Meeting started Brian Plemmons immediately vegan to bully me by pointing his finger in my face While talking to me. Also telling me el have not showed him anything as a Manager and el'm lucky el still work for this Company. He then vegan going over the Write-up. When el said "Mr. Plemmons that Not True, it did not happen the way Mr. De Santo is reporting it." Mr. Plemmons then said to me again pointing his finger in my face you are disrespectful and el believe everything thing hi said you did. He then turned to Mr. De Santo and said el placing him on 30 Day probation if he some much as sneeze and don't say excuse me fine het butt. el then tried to speak again. Mr. Plemmons again pointing his finger in my face gritting his teeth Together and said "Shut Your Mouth BOY". We have went over backward Do that you Can keep your job with This Company. He then ask me do you want to work for this Company? There was a brief pause as he Waited

GOM-00023

for me to answer, he then ask the question again do you want to work for this Company? I then said "Oh its OK to speak now". this seemed to anger Mr. Plemmons more. But I said yes just as long as I treated fairly. Are you saying you have not be treated fairly. This Man (Aldo DeSanti) Does a great job for this Company he a great Manag he became so up set me he told me get your butt out of my board room. I gathered my belonging and left the room. Mr. Plemmons spoke to me with no respect and never giving me the chance to tell my side of the story. There are several employee trelling to give written statement of the unfair tactic and the false statement Mr. DeSanto will make up to git rid of employee he no longer care for.

I was hoping Day Hay experience with the HR relation and employment law would have stopped Mr. Plemmons and said let this MAN speak.

07-07-2010 15:47   PICCADILLY 70G2333340
GOM-00024

i) Charge # B46-7009-58169C

And after all of the things this Company has done all kinds of tricky things to me to make me quit my job. I also feel I was wrongfully terminated from my position as Assistant General Manager. Brian Plemmons, Donny Troutman, David Hay, and Aldo DeSanto were clearly trying to build a good defense against me for the racial Discrimination Complaint that was filed in August 2009. It was clearly planned to get rid of me before the Mediation hearing. So that they would offer a low settlement thing since I was not employed at the Think I would accept this and sign a paper not to Continue with this Complaint.

# EXHIBIT 45

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 410-2011-00783 |
| | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Alphonso Gomez** | **(706) 565-7391** | **05-21-1982** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7 Melody Court, Columbus, GA 31907** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **VALLEY HOSPITALITY SERVICES** | **500 or more** | **(706) 653-9455** |

| Street Address | City, State and ZIP Code |
|---|---|
| **600 Brookstone Centre, Columbus, GA 31904** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

RECEIVED
NOV 2 4 2010
EEOC-ATDO

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **02-01-2010**   Latest **03-02-2010**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

This is a perfected charge timely received by EEOC on July 7, 2010.

I was employed by the above-named employer as an Assistant Manager on May 28, 2008. On November 17, 2009, I filed an EEOC charge of discrimination (Charge No. 846-2009-58169). On February 1, 2010, I was placed on a 5 day suspension. On March 2, 2010, I was discharged.

The reasons given for my suspension were reporting to work late, insubordination and performance issues. The reason given for my discharge was not informing management of my absence.

I believe that I have been retaliated against for having filed a previous EEOC charge, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Nov 23, 2010**　　Date　　　Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



DEFENDANT'S EXHIBIT #4175

# EXHIBIT 46

January28, 2013

To whom it may concern

My name is Bradford Coley 6022 Mill Branch Road
Columbus, Ga. 31907. I am the brother of Alphonso
Gomez.
In March 2010 my brother was fired from his job
At Houlihans Restaurant (Valley Hospitality).
He was having some problems making ends meet, he called
on me for some financial help after his car was
repossessed, I then asked if he was having any other
problems with paying other bills. He was pretty much
about to be put out of his home and utilities were about to
be shut off. I began to help with getting his finances in
order.
If you have any questions concerning this matter do not
hesitate to call me at 706-763-8991.


Thank you,

*Bradford Coley*

Bradford Coley

*Robert Greene II*

Notary Public
My Commission Expires
on June 24, 2014


DEFENDANT'S EXHIBIT
#46

# EXHIBIT 47



**Regional Urgent Care Center LLC**
1800 10th Ave Suite F  Columbus, GA 31901
706-320-8687  Fax: 706-320-8609

February 12, 2010

Employee:  ALPHONSO GOMEZ

To Whom It May Concern:

For Medical reasons, please excuse the above named employee from work for the following dates.

Start:    February 12, 2010

End:     February 15, 2010

May return to work February 16, 2010.

If you need additional information, please feel free to contact our office.

Sincerely,

Amber Flowers LPN



GOM-00132

# EXHIBIT 48

# Columbus Cardiology Associates, P.C

2525 Williams Road, Columbus, Ga 31909  706-323-5552

## Check Out Sheet

**Patient:  ALPHONSO  GOMEZ  D.O.B. (05/21/1962)**          **mr #      59724**

<u>Insurance:</u>  **1.**  BCBS OF GEORGIA PPO  **2.**

**Provider:  GEORGE MILLER MD**                    **Tuesday, February 23, 2010**

<u>**Charges for Today:**</u>
Level 3 Consultation (99243)

<u>**Diagnoses:**</u>
1. Diabetes Mellitus Type II - 250.00
2. Hypertension - 401.1
3. Tobacco Abuse - 305.1
4. Obesity - 278.00

<u>**Future Appointments:**</u>
2-D w/ CFD Echocardiogram.
Myocardial Perfusion Study / Adenosine protocol on Wednesday, 02/24/2010.

<u>**Other Follow-Up:**</u>
Please see Dr. Daniel E Kosobucki MD.  Schedule appointment as needed.

<u>**Medications:**</u>

| Medication | Dose | Instructions |
| --- | --- | --- |
| Metformin Hcl | 1000 Mg | take 1 tablet (1000MG)  by ORAL route 2 times every day with morning and evening meals |
| Lisinopril | 20 Mg | take 1 tablet (20MG)  by ORAL route  every day |
| Glipizide | 10 Mg | take 1 tablet (10MG)  by ORAL route 2 times every day before meals |

<u>**Special Instructions:**</u>
**Please review additional instruction sheets, if provided, for details of specific tests ordered.**

Find out if you qualify for free health care thru clinical research trials.  Contact Kindall Klein at 706-243-2320 for more details.

Cash /Visa / MC / Disc / Debit / MO Amt $_____  Check #_____  Initials _____ page 1 of 1



DEFENDANT'S EXHIBIT

GOM-00137

# EXHIBIT 49

# St. Francis Orthopaedic Institute
## VISIT STATUS REPORT

**St. Francis**
Orthopaedic Institute

**Patient Name** Alphonso Gomez
**Date** 3-3-10
**Physician** G. Zimmerman D.O.

2300-A Manchester Expressway, • Suite 101-A • Columbus, Georgia 31904
Phone: 706.322.6646 • 800.982.1185 • Fax 706.322.2891

**DIAGNOSIS**

| CODE | DETAIL |
|------|--------|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

**RETURN TO WORK:** ☐ Today   ☐ Other:
**WORK STATUS:** ☐ NO WORK   ☐ RETURN WITH RESTRICTIONS AS BELOW
☐ NO RESTRICTIONS

**WORK STATUS**

SEDENTARY:
  Lift/Carry/Push/Pull 0-10 lbs.
LIGHT DUTY: (circled)
  Lift/Carry/Push/Pull 10-25 lbs.
MEDIUM DUTY:
  Lift/Carry/Push/Pull 25-50 lbs.
HEAVY DUTY:
  Lift/Carry/Push/Pull 50-100 lbs.
REPETITIVE MOTION:
  None   Occasional (circled)   Frequent
PUSH/PULL TASKS:
  None   Occasional (circled)   Frequent

TASKS TO BE DONE AT (level):
  Waist (circled)   Shoulder   Overhead
CLIMB TO UNPROTECTED HEIGHTS:
  None (circled)   Occasional   Frequent
JOB ROTATION:
  Frequent or Micro Breaks (circled)
  Non-Production Work
  Recommend Workstation Modification.
BRACE/SLING/CRUTCHES/CANE USED
AT WORK:
  Optional   Mandatory

BENDING AT WAIST LEVEL:
  None   Occasional (circled)   Frequent
KNEELING:
  None (circled)   Occasional   Frequent
SQUATTING:
  None (circled)   Occasional   Frequent
STANDING:
  None _____ Hours/Day
  Occasional (circled)   Frequent
DRIVING:
  None _____ Hours/Day

**\*\*\*NO DRIVING OR OPERATING MACHINERY WHILE TAKING NARCOTIC PAIN MEDICATION\*\*\***

**COMMENTS:** Mr. Gomez is pending bilateral total knee replacements (date to be determined). Recovery is approx. 8-12 weeks from the surgery date.

**PLAN**

| PRESCRIBE: | Pain Medication | NSAIDS | Steroids | Steroid Injection |
|---|---|---|---|---|
| | Therapy | Sling/Brace | Splint/Cast/Boot | Antibiotics |
| TESTING: | MRI   CT | EMG/NCV | Myelogram | Arthrogram |
| | Labwork   Bonescan | | Other: _____ | |

RECOMMEND:   Functional Capacity Evaluation   Work Hardening
SURGERY:
MMI REACHED:   Today _____ Weeks _____ Months   PPI% _____ Extremity _____ Whole Person

**FOLLOW-UP**

RETURN TO CLINIC: _____ Days _____ Weeks _____ Months _____ PRN
_____ After Test/Surgery _____ MD to call _____ Patient to call.
DAY _____
TIME _____
PROGRESS CALL: _____ Days _____ Weeks _____ Months
☐ THIS PATIENT IS DISMISSED FROM CARE AS OF THIS DATE

Please excuse _____ from school due to a Doctors appointment at our office.

**Check-In Time** | **Check-Out Time**

Physician Signature

DEFENDANT'S EXHIBIT

# EXHIBIT 50



**Columbus Regional Medical Center**
710 Center Street • Columbus, GA 31901
(706) 571-1088

PATIENT INFORMATION

## EXITCARE® PATIENT INFORMATION

**Patient Information:**

| | |
|---|---|
| Patient Name: ALPHONSO GOMEZ | Patient Address: 7 MELODY CT, , COLUMBUS, GA, 31907 |
| Patient ID: 4762828 | Patient Email: |
| Patient Medical Record Number: | Patient Gender: |
| Patient DOB: 5/21/1962 | Responsible Adult: |
| Patient Phone Number: (706)565-6641 | Diag: |

**Primary Caregiver Information:**
Attending Caregiver: *Saucier Frank MD

| | |
|---|---|
| Primary Follow-up Caregiver: -    (000)000-0000 | Primary Follow-up Time: |

**User Information:**

| | | |
|---|---|---|
| Login ID: | User Name: | Dept: ED |

**>>>> Form - Excuse from Work School Phys Activity - English - {183968B6-6FD8-45A0-8C24-514C3E24E8D1}**
*What is the name of the patient?: ALPHONSO GOMEZ*
*Check if excused from work.: Checked*
*Check if excused from school.: Not Checked*
*Check if excused from physical activity.: Not Checked*
*The Patient is excused from work/school now through the following date:: 4/21/2009*
*Check if patient may return to work/school but avoid physical activity until what date?: Not Checked*
*Enter last date that excuse from physical activity applies.:*
*Check if patient may return to full physical activity as of what date?: Not Checked*
*Enter date that the patient may return to full physical activity.:*
*Additional Follow-up caregivers:*
*Additional Notes:*

**Signature acknowledges that Patient and/or Guardian has received these instructions and understands them.**



| Patient or Guardian Signature | Date/Time |
|---|---|
| Witnessed & Instructed By | Date/Time |

DEFENDANT'S EXHIBIT #80

GOM-00140

# EXHIBIT 51

Columbus Cardiology Associates, P.C.

Patient Instructions for Cardiac Stress Testing

Dr. William Macheski
Dr. Edward Matthews
Dr. Alonzo Jones
Dr. Mahesh Patel
Dr. John Byers
Dr. George Miller

2525 Williams Road
Columbus, Georgia 31909
(706)323-5552
(800)552-2806
Fax: (706)323-3066
Ins. Fax: (706)324-5695

Patient:   ALPHONSO GOMEZ          Date of Procedure:  02/24/10

Date of Birth:  05/21/62

Doctor:   MILLER MD, GEORGE

Your physician has scheduled you for a stress test on 02/24/10 .  A nuclear cardiac stress test measures the
function of your heart at rest and during stress.  If you have any questions about the following instructions or
if you are unable to keep this appointment please call the above phone numbers as soon as possible.  The day
before your test a staff member will contact you to review these instructions.  Please let the staff member know
if you have any allergies or if you are unable to walk on a treadmill.

*Please arrive at 8:00am unless otherwise instructed.  You will be contacted the day before with specific
 instructions.  The waiting area maybe cold, you may want to bring a light jacket.
*Wear comfortable walking or running shoes, a large short sleeve t-shirt, and jogging pants or other
 comfortable pants.  Do not wear a dress.
*Do not consume any caffeine products for 24 hrs prior to the test, no coffee, tea, soda or chocolate.
*Do not eat or drink anything after midnight prior to the test.
*If you are diabetic please inform the staff.  Do not take your diabetic medication the morning of the test
 unless otherwise instructed.  Bring your medication with you, following the test you will be allowed to take
 your medications and eat a snack.  Please bring your inhalers and or nebulizers with you the day of the test.
*If you have asthma or COPD please inform our staff.
*If you are pregnant or there is a chance you may be pregnant, please inform the staff.
*Please take all medications except diabetic medication with sips of water the day of the test.

A nuclear cardiac stress test measures the function of your heart at rest and during stress.
The test will take approximately 4 to 6 hours.
    Nuclear medicine will be administered through an IV line.
    A camera will take resting image pictures for approx 20 minutes.
    Next, you will walk on a treadmill.
    A second injection of nuclear medicine will be administered through an IV line.
    It can take approximately  an  hour for your heart rate to return to normal.
    Once your heart rate returns to normal, you will be allowed to eat and drink.
    A second set of pictures will be taken for approximately 25 minutes.


             We understand that the wait time can be uncomfortable for you.
       Thank you for your patience and understanding as we maintain quality cardiovascular services to our
                                    patients and community.


Columbus Cardiology Associates Staff



DEFENDANT'S
EXHIBIT
42 s