IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALPHONSO GOMEZ,                      *

     Plaintiff,                   *

vs.                                  *
                            CASE NO. 4:11-CV-183 (CDL)
VALLEY HOSPITALITY SERVICES,         *
LLC,
                          *

     Defendant.                   *
_____      *

O R D E R

Defendant Valley Hospitality Services, LLC ("Valley") manages several restaurants in the Columbus, Georgia area. Each restaurant employs a general manager and an assistant manager. Plaintiff Alphonso Gomez ("Gomez"), a former employee of Valley, was passed over on five separate occasions for promotion from assistant manager to general manager at various restaurants managed by Valley. He alleges that he was denied the promotions because of his race. After Gomez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), he was reprimanded and eventually terminated from his employment. Gomez has filed this action against Valley pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Valley seeks summary judgment as to all of Gomez's claims (ECF No. 21). For the following reasons, Valley's motion is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

DISCUSSION

**I.   Failure to Promote Claims**

Gomez is proceeding *pro se*, and his response to Valley's motion is deficient in many respects.   But, it appears that he contends that when Valley promoted the following five employees to general manager instead of him, it did so because of Gomez's race: Robert Stewart, Durham Thacker, Jim McKenna, Lindsey Dozeman, and Aldo DeSanto.

Under the framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), Gomez bears the initial

burden of establishing a *prima facie* case of discrimination.  If a *prima facie* case is established, the burden shifts to Valley to articulate a legitimate non-discriminatory reason for its decisions.  *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-28 (11th Cir. 1997).  The burden then shifts back to Gomez to create a genuine factual dispute as to whether each given reason is actually pretext for discrimination or retaliation.  *Combs*, 106 F.3d at 1528.

The Court assumes for purposes of summary judgment that Gomez can make out a *prima facie* case of race discrimination; however, Valley has articulated legitimate non-discriminatory reasons for the promotions, and Gomez has failed to produce evidence from which a reasonable jury could conclude that those reasons were a pretext for racial discrimination.  Accordingly, Valley is entitled to summary judgment on Gomez's failure to promote claims.

The present record establishes that Valley promoted Stewart due to seniority, and Gomez does not seriously dispute this fact.  Valley asserts that it did not consider Gomez for other general manager promotions, such as those given to Thacker, McKenna, Dozeman, and DeSanto, due to Gomez's "lack of experience in full-service restaurant management" and "inadequate job performance."  Def.'s Reply in Supp. of Mot. for

Summ. J. 8, ECF No. 28; *see also* Gomez Dep. 27:18-28:6, 36:19-37:5, 43:20-44:4, ECF No. 22 (summarizing Gomez's management experience); Gomez Dep. 95:8-25, 96:11-97:22, 98:7-99:23, 100:6-101:16, 104:2-22, 109:3-110:21 (discussing several instances of job performance issues prior to Valley's promotion decisions); Gomez Dep. Ex. 11, Mem. from D. Hay to A. Gomez (Dec. 26, 2008), ECF No. 22-1 at 14-15 (advising that Gomez needed to make improvements to his attitude to advance in the company). More specifically, Valley explains that Dozeman was promoted instead of Gomez because of her experience, Hay Decl. ¶¶ 23, 30, ECF No. 21-2, and because of Gomez's own statements that he did not wish to compete with Dozeman for the position, Gomez Dep. 127:18-132:5. Also, Anthony Brown, a general manager for Valley, recommended against promoting Gomez based on his determination that Gomez "was not ready to handle the responsibility" considering his experience, performance, and negative attitude. Hay Decl. Ex. 5, Email from A. Brown to D. Troutman (June 30, 2009), ECF No. 21-2 at 68. Finally, Valley explains that Gomez was not considered for the general manager position given to DeSanto a month later for the same reasons. Hay Decl. ¶ 33. Because Valley offered legitimate non-discriminatory reasons for its promotion decisions, the burden shifts back to Gomez to show these reasons are pretext for racial discrimination.

To create a genuine factual dispute on pretext, a "plaintiff must show not merely that the defendant's promotion decisions were mistaken but that they were in fact motivated by race." *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (per curiam) (internal quotation marks omitted); *see also Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (holding that in order to survive summary judgment, a plaintiff must present "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination" in the employer's decision) (internal quotation marks omitted).  Gomez must do more than point to evidence that he was more qualified than the candidate who received the position he coveted.  He must present evidence that shows that the disparities between their qualifications "were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Springer*, 509 F.3d at 1349 (internal quotation marks omitted); *see also Chapman v. AI Trasp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) ("Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.").

Gomez has not carried this burden.  He generally argues that (1) he must have been more qualified because Valley did not send him to extensive training as was done for Thacker and McKenna; (2) he was more experienced, comparing his resume to resumes for Thacker and Dozeman; (3) he worked very hard as the only manager on duty when a general manager position had yet to be filled; and (4) those selected for general manager positions were less qualified because most of them "did not last more than six months."  Pl.'s Resp. to Def.'s Mot. for Summ. J. 1-2, ECF No. 27.  Gomez made these arguments in his responsive brief, but he did not point the Court to evidence in support of his contentions.  Even if Gomez had pointed to evidentiary support for his assertions, he has not pointed to disparities "of such weight and significance" between himself and the candidates promoted to support the conclusion that race must have been the motivating factor in the decisions.  *Springer*, 509 F.3d at 1349.  Furthermore, the current record includes evidence that Gomez had several job performance issues.  Gomez does not deny many of these performance incidents, but instead quarrels with whether he should have been reprimanded for them and whether Valley was justified in considering them in its evaluation of his work performance.  Gomez directed the Court to no evidence that the candidates promoted had similar job performance issues.  For

these reasons, Gomez has not met his burden of establishing that Valley's proffered reasons were pretext for discrimination.

Gomez does contend that two isolated racial remarks support his claims. Sometime in 2008, one of Gomez's superiors, who was a decisionmaker in the particular promotion decisions, asked Gomez if he was voting for Barack Obama because he is African American or because he was the best candidate. Gomez Dep. 199:2-200:24. Gomez also testified that a superior, who did not have a role in making the promotion decisions, later remarked to him that white guys work daytime and black guys work nighttime, then he laughed and said he was "kidding." *Id.* at 196:16-197:14. Even considering these two isolated racial remarks, the Court finds that Gomez's evidence falls far short of creating a triable question of intentional discrimination based on Gomez's race. *See Rowell v. BellSouth Corp.*, 433 F.3d 794, 802 (11th Cir. 2005) ("[S]tatements made by nondecisionmakers or statements made by decisionmakers unrelated to the decisional process do not demonstrate discriminatory intent.") (quoting *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003)) (internal quotation marks omitted). Therefore, Valley is entitled to summary judgment on Gomez's failure to promote claims.[1]

---

[1] Gomez does not allege a racial discrimination claim based on his termination. Am. Compl. ¶¶ 1-4, ECF No. 9.

## II.  Retaliation Claims

After Gomez was denied promotions to general manager, he filed a charge of discrimination with the EEOC.  Gomez claims that Valley retaliated against him for filing the charge by reprimanding him and eventually terminating his employment. Valley contends that Gomez's retaliation claims fail as a matter of law because Gomez cannot establish a *prima facie* case of retaliation and because Gomez has presented no evidence that Valley's reasons for reprimanding and terminating Gomez were pretextual.

To establish a *prima facie* case of retaliation, Gomez must demonstrate that "(1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is some casual relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).  Gomez clearly engaged in protected activity by filing a charge of discrimination with the EEOC on November 17, 2009. Gomez alleges that Valley began writing him up for performance issues on February 1, 2010 to fabricate a defense for an EEOC mediation and to justify his termination on March 2, 2010. Gomez's termination certainly constitutes an adverse employment action.  But for Gomez to escape summary judgment, he must produce sufficient evidence from which a reasonable jury could conclude that there is a causal connection between his filing of

the EEOC charge and Valley's termination of his employment. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010). This causal connection can sometimes be established by showing a close temporal proximity between the protected activity and the adverse employment actions. But if temporal proximity alone is relied upon to establish a causal connection, the proximity must be "very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotation marks omitted); *see also Brown*, 597 F.3d. at 1182 ("[I]n the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law.") (internal quotation marks omitted).

Gomez points to no evidence other than temporal proximity to establish causation. Although he argues that a February 1, 2010 email supports his claim of Valley's retaliatory intent, that email shows no such thing. It simply demonstrates that Valley was aware of Gomez's EEOC filing. Gomez Dep. Ex. 37, Email from D. Hay to A. DeSanto (Feb. 1, 2010), ECF No. 22-1 at 98. In fact, it suggests that if Gomez had not filed the EEOC charge, he would have been terminated for insubordination on February 1, 2010. *Id.* More importantly, Gomez points to no evidence that the reprimand was unfounded or that he did not engage in the conduct for which he was reprimanded. *See, e.g.*,

Gomez Dep. 165:11-167:3 (describing Gomez's "heated" confrontation with his general manager Also DeSanto about his refusal to help servers set up the dining room after arriving an hour late).

With nothing other than temporal proximity to rely on, Gomez must demonstrate that the timing between the protected activity and the adverse employment action is very close. Here, the time between Gomez's EEOC filing and his termination is more than three months. The Eleventh Circuit has routinely held that a three-month interval is too great to infer a causal link. *Brown*, 597 F.3d at 1182; *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). Even the ten-week gap between the EEOC charge and the beginning of the reprimands is too long to establish causation based solely on temporal proximity. *E.g.*, *Williams v. Waste Mgmt., Inc.*, 411 F. App'x 226, 229-30 (11th Cir. 2011). Thus even under the most generous causation standard, the Court cannot conclude based on the present record that a reasonable juror could find that the temporal proximity here is so close that it supports a causal link between the filing of the charge and the reprimands and eventual termination. Moreover, recent developments in this area of the law make it clear that the causation standard for Title VII retaliation claims is more stringent than some courts have previously believed. Instead of showing that retaliatory animus

was a "motivating factor" in the employment decision, a plaintiff must now show that the unlawful retaliatory motive was the "but-for" cause of the employment decision. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013). And no evidence has been presented from which a reasonable jury could conclude that Gomez's filing of the EEOC charge was the but-for cause of the reprimands or termination. Gomez acknowledged that part of the reason he was reprimanded was completely unrelated to his EEOC charge. *See* Gomez Dep. 159:7-160:5, 177:7-22 (testifying that he believed that DeSanto reprimanded him because of Gomez's role in the termination of DeSanto's favorite server).

Because Gomez has pointed to no evidence from which a reasonable jury could find a causal connection between the filing of his EEOC charge and the subsequent reprimands and termination, Gomez has failed to establish a *prima facie* case of unlawful retaliation. Therefore, his retaliation claims fail as a matter of law, and Valley is entitled to summary judgment.[2]

---

[2] Valley is entitled to summary judgment even if Gomez could make out his *prima facie* case on his retaliation claims. Valley explains that Gomez was terminated for the combination of his job performance issues and his calling out of work. These are legitimate reasons that could motivate a reasonable employer. *Chapman*, 229 F.3d at 1030. Gomez did not point to evidence to raise a genuine factual dispute that Valley's stated reasons for its actions were a pretext for unlawful retaliation. *See id.* (noting that a federal court does "not sit as a super-personnel department that reexamines an entity's business decisions" even if the managers end up being mistaken) (internal quotation marks omitted); *see also Damon v. Fleming Supermarkets of*

CONCLUSION

For the reasons stated above, the Court grants Valley's motion for summary judgment (ECF No. 21).  The Court declines to exercise supplemental jurisdiction over Gomez's state law claims, which are dismissed without prejudice.  All other pending motions shall be terminated as moot.

IT IS SO ORDERED, this 31st day of July, 2013.

S/Clay D. Land
_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

*Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) ("We have repeatedly and emphatically held that a defendant may terminate an employee for a good or bad reason without violating federal law.  We are not in the business of adjudging whether employment decisions are prudent or fair.") (citations omitted) (internal quotation marks omitted).  Thus, Valley would be entitled to summary judgment even if Gomez could establish the causation element of his *prima facie* case.