IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALPHONSO GOMEZ,                        *

     Plaintiff,                   *

vs.                                    *
                             CASE NO. 4:11-CV-183 (CDL)
VALLEY HOSPITALITY SERVICES,           *
LLC,
                                  *

     Defendant.                   *

_____        *

O R D E R

Defendant Valley Hospitality Services, LLC ("Valley") manages several restaurants in the Columbus, Georgia area. Each restaurant employs a general manager and an assistant manager. Plaintiff Alphonso Gomez ("Gomez"), a former employee of Valley, was passed over on five separate occasions for promotion from assistant manager to general manager at various restaurants managed by Valley. He alleges that he was denied the promotions because of his race. After Gomez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), he was reprimanded and eventually terminated from his employment. Gomez has filed this action against Valley pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Valley seeks summary judgment as to all of Gomez's claims (ECF No. 21). For the following reasons, Valley's motion is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.   *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.   *Id.*

DISCUSSION

**I.   Failure to Promote Claims**

Gomez is proceeding *pro se*, and his response to Valley's motion is deficient in many respects.   But, it appears that he contends that when Valley promoted the following five employees to general manager instead of him, it did so because of Gomez's race: Robert Stewart, Durham Thacker, Jim McKenna, Lindsey Dozeman, and Aldo DeSanto.

Under the framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), Gomez bears the initial

burden of establishing a *prima facie* case of discrimination.  If a *prima facie* case is established, the burden shifts to Valley to articulate a legitimate non-discriminatory reason for its decisions.  *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-28 (11th Cir. 1997).  The burden then shifts back to Gomez to create a genuine factual dispute as to whether each given reason is actually pretext for discrimination or retaliation.  *Combs*, 106 F.3d at 1528.

The Court assumes for purposes of summary judgment that Gomez can make out a *prima facie* case of race discrimination; however, Valley has articulated legitimate non-discriminatory reasons for the promotions, and Gomez has failed to produce evidence from which a reasonable jury could conclude that those reasons were a pretext for racial discrimination.  Accordingly, Valley is entitled to summary judgment on Gomez's failure to promote claims.

The present record establishes that Valley promoted Stewart due to seniority, and Gomez does not seriously dispute this fact.  Valley asserts that it did not consider Gomez for other general manager promotions, such as those given to Thacker, McKenna, Dozeman, and DeSanto, due to Gomez's "lack of experience in full-service restaurant management" and "inadequate job performance."  Def.'s Reply in Supp. of Mot. for

3

Summ. J. 8, ECF No. 28; *see also* Gomez Dep. 27:18-28:6, 36:19-37:5, 43:20-44:4, ECF No. 22 (summarizing Gomez's management experience); Gomez Dep. 95:8-25, 96:11-97:22, 98:7-99:23, 100:6-101:16, 104:2-22, 109:3-110:21 (discussing several instances of job performance issues prior to Valley's promotion decisions); Gomez Dep. Ex. 11, Mem. from D. Hay to A. Gomez (Dec. 26, 2008), ECF No. 22-1 at 14-15 (advising that Gomez needed to make improvements to his attitude to advance in the company).  More specifically, Valley explains that Dozeman was promoted instead of Gomez because of her experience, Hay Decl. ¶¶ 23, 30, ECF No. 21-2, and because of Gomez's own statements that he did not wish to compete with Dozeman for the position, Gomez Dep. 127:18-132:5.  Also, Anthony Brown, a general manager for Valley, recommended against promoting Gomez based on his determination that Gomez "was not ready to handle the responsibility" considering his experience, performance, and negative attitude. Hay Decl. Ex. 5, Email from A. Brown to D. Troutman (June 30, 2009), ECF No. 21-2 at 68.  Finally, Valley explains that Gomez was not considered for the general manager position given to DeSanto a month later for the same reasons.  Hay Decl. ¶ 33. Because Valley offered legitimate non-discriminatory reasons for its promotion decisions, the burden shifts back to Gomez to show these reasons are pretext for racial discrimination.

To create a genuine factual dispute on pretext, a "plaintiff must show not merely that the defendant's promotion decisions were mistaken but that they were in fact motivated by race." *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (per curiam) (internal quotation marks omitted); *see also Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (holding that in order to survive summary judgment, a plaintiff must present "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination" in the employer's decision) (internal quotation marks omitted). Gomez must do more than point to evidence that he was more qualified than the candidate who received the position he coveted. He must present evidence that shows that the disparities between their qualifications "were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Springer*, 509 F.3d at 1349 (internal quotation marks omitted); *see also Chapman v. AI Trasp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) ("Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.").

5

Gomez has not carried this burden.  He generally argues that (1) he must have been more qualified because Valley did not send him to extensive training as was done for Thacker and McKenna; (2) he was more experienced, comparing his resume to resumes for Thacker and Dozeman; (3) he worked very hard as the only manager on duty when a general manager position had yet to be filled; and (4) those selected for general manager positions were less qualified because most of them "did not last more than six months."  Pl.'s Resp. to Def.'s Mot. for Summ. J. 1-2, ECF No. 27.  Gomez made these arguments in his responsive brief, but he did not point the Court to evidence in support of his contentions.  Even if Gomez had pointed to evidentiary support for his assertions, he has not pointed to disparities "of such weight and significance" between himself and the candidates promoted to support the conclusion that race must have been the motivating factor in the decisions.  *Springer*, 509 F.3d at 1349.  Furthermore, the current record includes evidence that Gomez had several job performance issues.  Gomez does not deny many of these performance incidents, but instead quarrels with whether he should have been reprimanded for them and whether Valley was justified in considering them in its evaluation of his work performance.  Gomez directed the Court to no evidence that the candidates promoted had similar job performance issues.  For

these reasons, Gomez has not met his burden of establishing that Valley's proffered reasons were pretext for discrimination.

Gomez does contend that two isolated racial remarks support his claims. Sometime in 2008, one of Gomez's superiors, who was a decisionmaker in the particular promotion decisions, asked Gomez if he was voting for Barack Obama because he is African American or because he was the best candidate. Gomez Dep. 199:2-200:24. Gomez also testified that a superior, who did not have a role in making the promotion decisions, later remarked to him that white guys work daytime and black guys work nighttime, then he laughed and said he was "kidding." *Id.* at 196:16-197:14. Even considering these two isolated racial remarks, the Court finds that Gomez's evidence falls far short of creating a triable question of intentional discrimination based on Gomez's race. *See Rowell v. BellSouth Corp.*, 433 F.3d 794, 802 (11th Cir. 2005) ("[S]tatements made by nondecisionmakers or statements made by decisionmakers unrelated to the decisional process do not demonstrate discriminatory intent.") (quoting *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003)) (internal quotation marks omitted). Therefore, Valley is entitled to summary judgment on Gomez's failure to promote claims.[1]

---

[1] Gomez does not allege a racial discrimination claim based on his termination. Am. Compl. ¶¶ 1-4, ECF No. 9.

## II.  Retaliation Claims

After Gomez was denied promotions to general manager, he filed a charge of discrimination with the EEOC.  Gomez claims that Valley retaliated against him for filing the charge by reprimanding him and eventually terminating his employment. Valley contends that Gomez's retaliation claims fail as a matter of law because Gomez cannot establish a *prima facie* case of retaliation and because Gomez has presented no evidence that Valley's reasons for reprimanding and terminating Gomez were pretextual.

To establish a *prima facie* case of retaliation, Gomez must demonstrate that "(1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is some casual relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).  Gomez clearly engaged in protected activity by filing a charge of discrimination with the EEOC on November 17, 2009. Gomez alleges that Valley began writing him up for performance issues on February 1, 2010 to fabricate a defense for an EEOC mediation and to justify his termination on March 2, 2010. Gomez's termination certainly constitutes an adverse employment action.  But for Gomez to escape summary judgment, he must produce sufficient evidence from which a reasonable jury could conclude that there is a causal connection between his filing of

the EEOC charge and Valley's termination of his employment. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010). This causal connection can sometimes be established by showing a close temporal proximity between the protected activity and the adverse employment actions. But if temporal proximity alone is relied upon to establish a causal connection, the proximity must be "very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotation marks omitted); *see also Brown*, 597 F.3d. at 1182 ("[I]n the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law.") (internal quotation marks omitted).

Gomez points to no evidence other than temporal proximity to establish causation. Although he argues that a February 1, 2010 email supports his claim of Valley's retaliatory intent, that email shows no such thing. It simply demonstrates that Valley was aware of Gomez's EEOC filing. Gomez Dep. Ex. 37, Email from D. Hay to A. DeSanto (Feb. 1, 2010), ECF No. 22-1 at 98. In fact, it suggests that if Gomez had not filed the EEOC charge, he would have been terminated for insubordination on February 1, 2010. *Id.* More importantly, Gomez points to no evidence that the reprimand was unfounded or that he did not engage in the conduct for which he was reprimanded. *See, e.g.,*

Gomez   Dep.   165:11-167:3   (describing   Gomez's   "heated"
confrontation   with   his   general   manager   Also   DeSanto   about   his
refusal   to   help   servers   set   up   the   dining   room   after   arriving   an
hour   late).

   With   nothing   other   than   temporal   proximity   to   rely   on,
Gomez   must   demonstrate   that   the   timing   between   the   protected
activity   and   the   adverse   employment   action   is   very   close.   Here,
the   time   between   Gomez's   EEOC   filing   and   his   termination   is   more
than   three   months.   The   Eleventh   Circuit   has   routinely   held   that
a   three-month   interval   is   too   great   to   infer   a   causal   link.
*Brown*,   597   F.3d   at   1182;   *Thomas   v.   Cooper   Lighting,   Inc.*,   506
F.3d   1361,   1364   (11th   Cir.   2007).   Even   the   ten-week   gap   between
the   EEOC   charge   and   the   beginning   of   the   reprimands   is   too   long
to   establish   causation   based   solely   on   temporal   proximity.
*E.g.*,   *Williams   v.   Waste   Mgmt.,   Inc.*,   411   F.   App'x   226,   229-30
(11th   Cir.   2011).   Thus   even   under   the   most   generous   causation
standard,   the   Court   cannot   conclude   based   on   the   present   record
that   a   reasonable   juror   could   find   that   the   temporal   proximity
here   is   so   close   that   it   supports   a   causal   link   between   the
filing   of   the   charge   and   the   reprimands   and   eventual
termination.   Moreover,   recent   developments   in   this   area   of   the
law   make   it   clear   that   the   causation   standard   for   Title   VII
retaliation   claims   is   more   stringent   than   some   courts   have
previously   believed.   Instead   of   showing   that   retaliatory   animus

was a "motivating factor" in the employment decision, a
plaintiff must now show that the unlawful retaliatory motive was
the "but-for" cause of the employment decision. *Univ. of Tex.
Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013). And no
evidence has been presented from which a reasonable jury could
conclude that Gomez's filing of the EEOC charge was the but-for
cause of the reprimands or termination. Gomez acknowledged that
part of the reason he was reprimanded was completely unrelated
to his EEOC charge. *See* Gomez Dep. 159:7-160:5, 177:7-22
(testifying that he believed that DeSanto reprimanded him
because of Gomez's role in the termination of DeSanto's favorite
server).

Because Gomez has pointed to no evidence from which a
reasonable jury could find a causal connection between the
filing of his EEOC charge and the subsequent reprimands and
termination, Gomez has failed to establish a *prima facie* case of
unlawful retaliation. Therefore, his retaliation claims fail as
a matter of law, and Valley is entitled to summary judgment.[2]

---

[2] Valley is entitled to summary judgment even if Gomez could make out
his *prima facie* case on his retaliation claims. Valley explains that
Gomez was terminated for the combination of his job performance issues
and his calling out of work. These are legitimate reasons that could
motivate a reasonable employer. *Chapman*, 229 F.3d at 1030. Gomez did
not point to evidence to raise a genuine factual dispute that Valley's
stated reasons for its actions were a pretext for unlawful
retaliation. *See id.* (noting that a federal court does "not sit as a
super-personnel department that reexamines an entity's business
decisions" even if the managers end up being mistaken) (internal
quotation marks omitted); *see also Damon v. Fleming Supermarkets of*

CONCLUSION

For the reasons stated above, the Court grants Valley's motion for summary judgment (ECF No. 21).  The Court declines to exercise supplemental jurisdiction over Gomez's state law claims, which are dismissed without prejudice.  All other pending motions shall be terminated as moot.

IT IS SO ORDERED, this 31st day of July, 2013.

S/Clay D. Land
_____
      CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

*Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) ("We have repeatedly and emphatically held that a defendant may terminate an employee for a good or bad reason without violating federal law.  We are not in the business of adjudging whether employment decisions are prudent or fair.") (citations omitted) (internal quotation marks omitted).  Thus, Valley would be entitled to summary judgment even if Gomez could establish the causation element of his *prima facie* case.